**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Willie Lee FRANKLIN, Jerome Mann, Willie R. Anderson and Andrea Y. Mann, Defendants–Appellants.**

**Nos. 88–3257, 88–3280, 88–3291 and 88–3306.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 22, 1989.

Decided May 7, 1990.

Mel S. Johnson, Asst. U.S. Atty., Milwaukee, Wis., for plaintiff-appellee.

Thomas M. Croke, Brookfield, Wis., for Willie L. Franklin.

Thomas G. Halloran, Milwaukee, Wis., for Jerome Mann.

John S. Schiro, Milwaukee, Wis., for Willie R. Anderson.

Charles W. Giesen, Morris Berman, Giesen & Berman, Madison, Wis., for Andrea Y. Mann.

Before CUMMINGS, COFFEY, and KANNE, Circuit Judges.

KANNE, Circuit Judge.

The May 1988 Grand Jury returned a seventeen count indictment against Willie Franklin, Jerome Mann, Willie Anderson, and Andrea Mann. The indictment charged one count of conspiracy to distribute cocaine, one count of conspiracy to launder currency, three cocaine distribution counts, four counts of possessing cocaine with intent to distribute, eight money laundering counts, and a series of forfeiture allegations. Each defendant eventually pleaded guilty to some of the counts he or she faced. After preparation of pre-sentence reports, the defendants were sentenced pursuant to the United States Sentencing Commission Guidelines (the "Guidelines"). Each defendant challenges the application of the Guidelines in his or her individual case. In addition, Willie Anderson contends that he was denied his right of allocution at his sentencing hearing. There are no common issues on appeal regarding these four defendants. Thus, we will separately consider the relevant facts and issues as they relate to each. For the reasons discussed below, we affirm the sentence of each defendant.

### Willie Franklin

Willie Franklin was charged in six of the seventeen counts of the indictment. He pleaded guilty to one count of money laundering, in violation of 18 U.S.C. § 1956(a)(1) and (2), and to three counts of possessing cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The government dismissed the remaining two counts against Franklin in exchange for his guilty pleas. At the sentencing hearing, the district judge determined that Franklin's total offense level was 30 and that his Criminal History Category was II. Under those calculations, the applicable Guidelines sentencing range was 108 to 135 months. The judge concluded, however, that an upward departure from the Guideline range was warranted and sentenced Franklin to 148 months on each count, each to run concurrently with the others. The judge based the upward departure on the ground that

Franklin continued to deal in cocaine while out on bond for the cocaine charge in this case.

■ On appeal, Franklin does not contend the district judge relied on an improper ground to justify the upward departure. Rather, Franklin argues that his sentence, including the upward departure, is improper solely because the judge erred in computing the starting point for the departure, that is, Franklin's Guideline sentencing range. Specifically, Franklin argues that the judge erred in assigning him a total offense level of 30.

The base offense level assigned to the offense of possessing cocaine with intent to distribute depends on the quantity of cocaine involved in the offense. Franklin's three counts of conviction for possessing cocaine with intent to distribute involved 98 grams of cocaine. Under Guideline § 2D1.1(a)(3), possession of 50–99 grams of cocaine with intent to distribute translates into an offense level of 16. The district judge, however, did not calculate Franklin's offense level on the basis of the 98 grams of cocaine involved in Franklin's three counts of conviction. Rather, the judge calculated Franklin's offense level on the basis of the entire quantity of cocaine involved in all of the offenses alleged in the seventeen count indictment (4,106 grams). Based on the 4,106 grams of cocaine involved in the entire conspiracy, Franklin's three cocaine convictions translate into a total offense level of 30 under § 2D1.1(a)(3).

Franklin contends that the district judge erred in calculating his offense level on the basis of the total quantity of drugs in the seventeen count indictment rather than the amount of drugs involved in the three counts to which Franklin pleaded guilty. This court has previously considered and rejected this same argument. In *United States v. White*, 888 F.2d 490 (7th Cir. 1989), we joined the Fourth, Fifth, Sixth, Eighth, and Eleventh Circuits in holding that in order to determine the offense level for a drug offense, §§ 1B1.3(a)(2) and 3D1.-2(d) of the Guidelines allow a court to aggregate the amounts of drugs from any

acts that "were part of the same course of conduct or common scheme or plan as the offense of conviction" whether or not the defendant was charged or convicted of possessing or distributing these additional amounts. *See White*, 888 F.2d at 496–97 (interpreting Guidelines §§ 1B1.3(a)(2) and 3D1.2); *United States v. Ykema*, 887 F.2d 697 (6th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 878, 107 L.Ed.2d 961 (1990); *United States v. Allen*, 886 F.2d 143 (8th Cir.1989); *United States v. Williams*, 880 F.2d 804 (4th Cir.1989); *United States v. Scroggins*, 880 F.2d 1204 (11th Cir.1989); *United States v. Taplette*, 872 F.2d 101 (5th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 128, 107 L.Ed.2d 88 (1989). Since *White*, we have reaffirmed this principle in *United States v. Salva*, 894 F.2d 225, 230 (7th Cir.1990) and *United States v. Voprail*, 891 F.2d 155, 157 (7th Cir.1989).

Franklin does not challenge the district court's finding that the other counts in the indictment are in fact "part of the same course of conduct or common scheme or plan" as the counts to which he pleaded guilty. Nor does Franklin contest the finding that the entire scheme involved 4,106 grams of cocaine. Since we see no reason to doubt those findings, the district judge correctly assigned Franklin an offense level of 30 on the basis of the entire 4,106 grams of cocaine involved in the seventeen count indictment.

### Jerome Mann

Jerome Mann was charged in eleven of the seventeen counts of indictment. He pleaded guilty to four of those eleven counts—conspiracy to distribute cocaine in violation of 21 U.S.C. § 846; conspiracy to launder currency in violation of 18 U.S.C. § 371; money laundering in violation of 18 U.S.C. § 1956(a)(1) and (2); and possessing cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). As part of the plea agreement, Mann also agreed to forfeit any interest he might have in any property alleged to be forfeitable to the United States in this case. In exchange for his pleas, the government dismissed the remaining seven counts against Mann.

At the sentencing hearing, the district judge determined that Mann's total offense level was 33 and that his Criminal History Category was I. Under those calculations, the applicable Guidelines sentencing range was 135 to 168 months. The judge concluded, however, that an upward departure from the Guidelines was warranted because Mann became involved in a cocaine offense while out on bond for the cocaine offenses he was charged with in this case. On that basis, the judge sentenced Mann to 186 months in prison. Mann appeals the district court's computation of his total offense level and the upward departure from the Guideline range.

Mann makes only one contention with regard to his offense level. Mann argues that the district judge erred because he declined to adopt the probation officer's recommendation to reduce Mann's offense level by two points for acceptance of responsibility. Guideline § 3E1.1(a) provides that "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for the offense of conviction, reduce the offense level by 2 levels." That Guideline also states that while a guilty plea may provide some evidence of a defendant's acceptance of responsibility, the plea by itself does not entitle the defendant to a two point reduction. Guidelines § 3E1.1(c) and Application Note 3. Mann concedes that his guilty plea alone does not require a finding of acceptance of responsibility. He argues, however, that his plea taken in addition to parts (c) and (e) of Application Note 1 to § 3E1.1 illustrate that a two point reduction is appropriate in his case. Application Note 1 states that in determining whether a defendant qualifies for an acceptance of responsibility adjustment, a judge may consider: (c) "[v]oluntary and truthful admission to authorities of involvement in the offense and related conduct" and (e) "[v]oluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense." Mann argues that he was entitled to a two point reduction under part (c) because he made a truthful and complete statement to his probation officer admitting in detail his involvement in the

charged offenses and in conduct not known to the government. In addition, Mann argues he is entitled to a reduction under part (e) because his agreement not to contest any interest he had in property alleged to be forfeitable assisted authorities in recovering the fruits and instrumentalities of the offense.

Whether Mann accepted responsibility within the meaning of § 3E1.1 is essentially a question of fact for the district court to resolve. *United States v. Jordan*, 890 F.2d 968, 972 (7th Cir.1989); *United States v. White*, 875 F.2d 427, 431 (4th Cir.1989). We will uphold a district court's factual findings in determining a sentence unless they are clearly erroneous. 18 U.S.C. § 3742(e); *Jordan*, 890 F.2d at 972. Specifically, the commentary to § 3E1.1 states that "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review and should not be disturbed unless it is without foundation." Application Note 5. The district judge found that Mann's acceptance of responsibility was untimely. Application Note 1(g) to § 3E1.1 states that in determining whether a defendant qualifies for a two point reduction, a sentencing judge may appropriately consider "[t]he timeliness of the defendant's conduct in manifesting the acceptance of responsibility." The judge reasoned that Mann was not entitled to a two point reduction because he manifested acceptance of responsibility only after he was charged, pleaded guilty, and the government accumulated proof against him. The judge distinguished Mann from a defendant who comes in before charging, confesses his involvement in a crime, and voluntarily terminates that involvement.

As trial approaches, a large majority of criminal defendants ultimately plead guilty and admit to their role in the charged offense in order to potentially help their disposition. We cannot say that the district judge had no foundation on which to conclude that Mann's guilty plea and truthful admissions arose more from Mann's prac-

tical concern to lessen his punishment than from any true remorse for his crimes. The same rationale applies to recovery of the fruits and instrumentalities of the crime at issue here. Mann did not voluntarily decide to turn over the money and automobiles subject to forfeiture in this case. The property was already seized and in the possession of the United States. In addition, the evidence strongly suggests that Mann had little or no chance to avoid forfeiture of his interest anyway. In short, it appears that Mann's agreement not to contest forfeiture was motivated more by Mann's concern to improve his potential disposition than by true remorse.

Finally, and perhaps most importantly, the district judge found that Mann was not entitled to a two point reduction for acceptance of responsibility because Mann continued to deal in cocaine while out on bond in this case. While on bond, Mann was arrested and found to be carrying six packets of cocaine. In *United States v. Jordan*, we held that a district court properly declined to award a defendant a two point reduction for acceptance of responsibility because the defendant continued to pursue drug trafficking while he was free on bond waiting to be sentenced for a drug trafficking conviction. 890 F.2d at 974. The same reasoning applies here where Mann continued to deal in cocaine after he was charged but before he pleaded guilty and was sentenced. Mann's conduct while out on bond is opposite the type of conduct expected from someone who was truly remorseful about his crimes.

■■■ Mann also contests the district court's upward departure from the Guidelines sentencing range. We review departures to determine whether the grounds relied on for departure were proper and whether the degree of departure was reasonable. *United States v. Schmude*, 901 F.2d 555, 558–59 (7th Cir.1990); *Jordan*, 890 F.2d at 974, 977. The district judge based the departure on the ground that Mann became involved in a cocaine incident while out on bond for the cocaine charges in this case. This was a proper ground on which to depart. Guideline § 4A1.3 pro-

vides that a departure is permissible where "reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes.... [s]uch information may include, but is not limited to, information concerning: (e) prior similar adult criminal conduct not resulting in a criminal conviction." In *Jordan*, we reasoned that a defendant's Criminal History Category did not adequately account for the possibility that the defendant would commit future offenses when the defendant continued to deal in cocaine while waiting to be sentenced for a cocaine conviction. 890 F.2d at 976–77. Here, as in *Jordan*, the district judge properly concluded that Mann's cocaine offense while out on bond for cocaine charges clearly indicates a potential to commit future crimes not accounted for in Mann's Criminal History Category.

The degree of departure was also reasonable. The judge departed from a Guideline range of 135–168 months to a sentence of 186 months. Mann's Criminal History Category was I. The sentence Mann received was within a Guideline range that would have applied if Mann's Criminal History Category was II. When departing on the basis of inadequate Criminal History Category, a sentencing judge has broad discretion to determine what Criminal History Category most accurately reflects a defendant's actual criminal history. It was well within the discretion of the district judge to conclude that Mann's cocaine offense while out on bond for cocaine charges indicated that Mann's criminal history and propensity to commit future offenses resembled that of a Category II defendant rather than a Category I defendant.

### Willie Anderson

Willie Anderson was charged in three of the seventeen counts of indictment. He pleaded guilty to one count of distributing cocaine in violation of 21 U.S.C. § 841(a)(1). The government dismissed the remaining two counts against Anderson in exchange for his plea. At the sentencing hearing, the district judge determined that

Anderson's total offense level was 10 and that his Criminal History Category was IV. Under those calculations, the Guidelines sentencing range was 15 to 21 months. The judge concluded, however, that an upward departure from the Guidelines was warranted and sentenced Anderson to 32 months imprisonment. Anderson makes two challenges to his sentence. First, he contends that the district judge violated Federal Rule of Criminal Procedure 32(a)(1)(C) because the judge failed to personally address Anderson and ask him whether he wished to make a statement on his own behalf in mitigation of sentence. Second, Anderson contends that the court erred in departing upward from the Guidelines sentencing range.

Rule 32 of the Federal Rules of Criminal Procedure codifies the common law right of allocution—the defendant's right to personally speak before imposition of his sentence and to present any information in mitigation of punishment. *Green v. United States*, 365 U.S. 301, 304, 81 S.Ct. 653, 655, 5 L.Ed.2d 670 (1961). In *Green*, the Supreme Court rejected the argument that merely affording defense counsel the opportunity to speak fulfills the role of Rule 32. The Court held that a sentencing judge must afford the opportunity personally to the defendant to speak on his own behalf. *Id.* at 304, 81 S.Ct. at 655. In 1966, Rule 32(a)(1) was amended to expressly incorporate the holding of *Green*. *See* Fed.R. Crim.P. 32, Notes of Advisory Committee on Rules; *United States v. Coffey*, 871 F.2d 39, 40 n. 2 (6th Cir.1989). Today, Rule 32(a)(1)(C) states that prior to sentencing, a court must "address the defendant personally and ask the defendant if the defendant wishes to make a statement in the defendant's own behalf and to present any information in mitigation of punishment."

■ Prior to sentencing Anderson, the district judge asked: "All right. *Mr. Rose* (Anderson's attorney) *and Mr. Anderson, do either or both of you* have any statement that you want to make *in mitigation of sentence* that the court ought to consider in determining the appropriate sentence in this case?" Anderson's counsel made a presentation to the court and argued for a sentence in the lower range of the Guidelines. The court then asked Anderson's counsel to comment on a couple of concerns the court had. After Anderson's counsel addressed those concerns, the court addressed counsel for the government. Finally, the judge asked, "All right. Is there anything you want to state further, Mr. Rose?" Anderson's counsel added nothing further and the court proceeded to sentence Anderson.

The record clearly indicates that the district judge addressed Anderson by name and asked Anderson if he had anything to say in mitigation of his sentence. Thus, this case differs from those in which a remand for resentencing was necessary because the judge did not address the defendant by name, *see United States v. Van Drunen*, 501 F.2d 1393, 1399 (7th Cir.), *cert. denied*, 419 U.S. 1091, 95 S.Ct. 684, 42 L.Ed.2d 684 (1974); *United States v. Posner*, 868 F.2d 720, 724 (5th Cir.1989), or because the judge asked the defendant why sentence should not be imposed instead of whether defendant had a statement about mitigation of punishment. *United States v. Sparrow*, 673 F.2d 862, 864–65 (5th Cir. 1982). Anderson argues that since his counsel spoke first, the district judge was required to renew his invitation to Anderson after his counsel finished speaking. Wisely, neither Rule 32(a)(1)(C) nor any case law requires such a rigid procedural formula. Neither Anderson nor his counsel indicated that Anderson wished to accept the court's invitation to speak on his own behalf. Since the district judge was not required to renew his invitation or inquire why Anderson did not accept his invitation, Anderson was not denied his right of allocution.

■ Anderson also contends that the court erred in departing upward from the Guidelines sentencing range. The district judge identified three grounds he believed warranted an upward departure. First, the judge reasoned that Anderson's Criminal History Category was inadequate because it did not take into consideration the fact that Anderson committed the cocaine of-

fense at issue in this case while he was out on bail for two cocaine related charges in state court. This was clearly a proper ground on which to depart. Guideline § 4A1.3 specifically states that if a defendant "committed the instant offense while on bail or pretrial release for another serious offense," a departure may be warranted to avoid underrepresenting the defendant's Criminal History Category. *See United States v. White*, 893 F.2d 276, 279–80 (10th Cir.1990) (upholding departure on this ground); *United States v. Geiger*, 891 F.2d 512, 514 (5th Cir.1989) (same).

As a second ground warranting departure, the district judge noted that Anderson continued to use cocaine while out on bond for the cocaine charge at issue in this case. This was also a proper ground on which to depart. In discussing Jerome Mann's sentence, we concluded that Mann's cocaine dealing while out on bond for a cocaine charge was a proper ground for departure. The same reasoning applies here. Anderson's continued involvement with cocaine after facing cocaine charges demonstrates a potential for committing future cocaine offenses that was not taken into consideration in calculating his Criminal History Category.

As a third ground warranting departure, the district judge noted that Anderson gave police officers a false name during an arrest that occurred while he was out on bond for the offense in this case. The judge also relied on the fact that Anderson failed to disclose this arrest to the pretrial service officer assigned to Anderson in this case. Under Guideline § 3C1.1, Anderson's offense level was increased by two points for obstruction of justice because he used a false name and failed to report his arrest. We agree with Anderson that, since this conduct was already calculated into obtaining his Guideline range, it was an improper ground on which to base an upward departure.

▮ The court's use of an improper factor brings into play the issue of whether a remand is automatically required whenever an upward departure is based on both proper and improper factors. The Ninth Circuit has held that a remand is required whenever a sentencing court relies on improper as well as proper factors since a reviewing court cannot determine what portion of the departure was based on improper factors. *United States v. Hernandez–Vasquez*, 884 F.2d 1314, 1315–16 (9th Cir.1989); *United States v. Nuno–Para*, 877 F.2d 1409, 1414 (9th Cir.1989). Contrary to the Ninth Circuit, the Sixth Circuit has held that when a court relies on both proper and improper factors to justify an upward departure, the sentence can be upheld if, standing alone, the proper factors justify the magnitude of departure. *United States v. Rodriguez*, 882 F.2d 1059 (6th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 1144, 107 L.Ed.2d 1048 (1990). We agree with the approach of the Sixth Circuit.

A comparison of two example cases illustrates why we think the Sixth Circuit has adopted the better rule. In case A, defendant A is convicted of possessing cocaine with intent to distribute. At sentencing, the district court imposes a ten month upward departure from the Guideline range on the ground that defendant A continued to deal in cocaine while out on bond for his pending cocaine charge. On appeal, we find that the departure is based on a proper ground and that the magnitude of departure is reasonable. In case B, defendant B is also convicted of possessing cocaine with intent to distribute. At sentencing, the court imposes a ten month upward departure. The court bases the departure on the following proper factors: B continued to deal in cocaine while out on bond for the charged offense; B committed the charged offense while on bail for another cocaine related charge; and B received a consolidated sentence for three previous cocaine offenses. Suppose, however, that the court lists an improper ground as a fourth basis for departure.

In reviewing case B on appeal, we do not think our task is to probe the mind of the sentencing judge and try to determine what portions of the departure he or she assigned to the different grounds for departure. Such an analysis could lead us to

find that the departure in case A was reasonable while the departure in case B was not. This would make no sense. If the ten month departure for defendant A was reasonable, we do not see how the same ten month departure for B can be unreasonable when it is based on the same factor as A's departure plus two additional factors not used in calculating B's Guideline range. The fact that the sentencing judge in case B identified an improper factor in no way mitigates the importance of the three factors that were not used in calculating B's Guideline range. In reviewing case B, we think our only task would be to determine whether the three factors not used in obtaining B's Guideline range justify B spending an extra ten months in prison.

■ Accordingly, we must determine whether the factors not accounted for in calculating Anderson's Guideline range justify the magnitude of departure in this case. We think they do. In sentencing Anderson, the judge departed from a 15–21 month Guideline range to a sentence of 32 months. Anderson's Criminal History Category was IV. The sentence he received was within a Guideline range that would have applied if Anderson's Criminal History Category was VI. Neither the pending state cocaine charges nor the cocaine offense Anderson committed while out on bond in this case were calculated into Anderson's Category IV criminal history. In addition, the Category IV calculation does not account for the fact that Anderson apparently does not recognize the gravity of his wrongs. Despite being twice captured and prosecuted for dealing in cocaine, Anderson was not deterred from doing so again on both occasions. Given these factors, it was within the broad discretion of the district judge to conclude that Anderson resembled a Category VI rather than a Category IV defendant.

### Andrea Mann

Andrea Mann was charged with one count of conspiracy to launder currency, in violation of 18 U.S.C. § 371, and with three substantive money laundering counts, in violation of 18 U.S.C. § 1956(a)(1). She pleaded guilty to the conspiracy count and to one of the substantive money laundering counts. In exchange, the government dismissed the remaining two money laundering counts against her. At Mann's sentencing hearing, the district judge determined that her total offense level was 22 and that her Criminal History Category was I. Those calculations resulted in a Guidelines sentencing range of 41 to 51 months. The judge sentenced Mann to the low end of the Guideline range, imposing a 41 month sentence on each count, each to run concurrent with the other.

On appeal, Mann contests the district court's calculation of her total offense level. Mann first argues that the court improperly applied Guideline § 3B1.2. That Guideline allows a sentencing judge to reduce a defendant's offense level by two points if the defendant was a "minor participant" in a criminal offense, four points if the defendant was a "minimal participant," and three points if the defendant falls somewhere between a minor and minimal participant. The district judge awarded Mann a two point reduction because he found that she was a "minor participant" in the entire drug and money laundering scheme. This did not satisfy Mann. She argues that the judge should have decreased her offense level three or four points because she was a "minimal participant."

■ The commentary to § 3B1.2 defines a "minor participant" as one "who is less culpable than most other participants, but whose role could not be described as minimal." Application Note 3. As an example of a "minimal participant," the commentary lists "someone who played no other role in a very large drug smuggling operation than to offload part of a single marijuana shipment, or in a case where an individual was recruited as a courier for a single smuggling transaction involving a small amount of drugs." Application Note 2. The commentary also states that § 3B1.2 involves "a determination that is heavily dependent upon the facts of the particular case." Thus, we review a district court's determination of whether a

defendant is a "minor" or "minimal" participant only for clear error. *United States v. Tholl*, 895 F.2d 1178, 1186 (7th Cir.1990); *United States v. Miller*, 891 F.2d 1265, 1270–71 (7th Cir.1989). The district court's finding that Andrea Mann was a "minor" rather than a "minimal" participant was not clearly erroneous. Andrea Mann's role in this scheme was to assist her brother, Jerome Mann, in laundering drug proceeds. She participated in at least four activities relating to money laundering. She allowed two vehicles that she knew were bought with her brother's drug proceeds to be titled in her name. She converted drug proceeds from cash to cashier's checks and back to try to disguise the source of payments on a Mercedes. Finally, she put her name on safe deposit boxes which were used to store large amounts of her brother's drug proceeds. These facts illustrate that Andrea Mann was involved in more than the "single transaction" the commentary emphasizes in describing a "minimal participant."

Finally, Mann contends that the district judge erred because he declined to adopt the probation officer's recommendation to reduce Mann's offense level by two points under § 3E1.1 for acceptance of responsibility. For the same reasons applicable to Jerome Mann, Andrea Mann's contention is unavailing. Mann argues that she is entitled to a two point reduction because she pleaded guilty and because she was truthful and cooperative with the probation officer about her involvement in this case. The district judge disagreed, finding that a two point reduction was not in order because Mann's cooperation was untimely. In response, Mann makes much of the fact that she pleaded guilty not at the eleventh hour, but a full two weeks before trial.

The timeliness factor is not supposed to act as a deadline before which a defendant must evidence acceptance of responsibility in order to receive a two point reduction. Rather, the timeliness factor is supposed to be used as a guide to determine the sincerity of a defendant who manifests an outward appearance of accepting responsibility. In determining sincerity, the number of days before trial is not as relevant as the courses of action left to a defendant. While Mann pleaded guilty and began to cooperate two weeks before trial, she had already exhausted all legal remedies short of trial—all pre-trial motions were made and ruled on and no legal controversies were pending. Short of trial, Mann's only option to potentially lessen her punishment was to plead guilty and cooperate with sentencing authorities. Given this, we cannot say the district judge had no foundation on which to find that Andrea Mann cooperated to improve her potential disposition rather than because of true remorse for her conduct.

For the foregoing reasons, we AFFIRM the sentences of Willie Franklin, Jerome Mann, Willie Anderson and Andrea Mann.