UNITED STATES of America, Plaintiff–Appellee,

v.

Joseph N. WILLIAMS, Defendant–Appellant.

No. 89–3084.

United States Court of Appeals, Seventh Circuit.

Argued April 19, 1990.

Decided Aug. 27, 1990.

Remanded by the Supreme Court of the U.S. March 9, 1992.

Decided July 2, 1992.

Daniel P. Bach, Asst. U.S. Atty., Madison, Wis., for plaintiff-appellee.

Kenneth H. Hanson, Chicago, Ill., for defendant-appellant.

Before RIPPLE, Circuit Judge, and WOOD, Jr.* and ESCHBACH, Senior Circuit Judges.

PER CURIAM.

This case is before the court on remand from the Supreme Court of the United States. *See Williams v. United States,* — U.S. ——, 112 S.Ct. 1112, 117 L.Ed.2d

* Judge Wood assumed senior status on January 16, 1992, which was after oral argument in this case.

341 (1992). In its opinion, the Supreme Court ruled as follows:

> The Court of Appeals was obliged to review, under both remand provisions of § 3742(f), a departure from the guideline range in which it found one of the two stated grounds for departure to be valid and the other to be invalid. We are unable to ascertain from its opinion whether the Court of Appeals concluded that the District Court would have imposed the same sentence even without relying upon Williams' prior arrest record, see § 3742(f)(1), or whether it affirmed simply on the basis that the sentence was reasonable under § 3742(f)(2). We therefore vacate the judgment below affirming Williams' sentence, and remand for a determination whether the sentence was imposed "as a result of" the District Court's erroneous consideration of his prior arrests not resulting in prosecution.

*Id.*, 112 S.Ct. at 1122. Pursuant to Circuit Rule 54, both parties have filed a statement of position on remand.

Our earlier decision was rendered in conformity with the earlier precedent of this circuit, *see United States v. Franklin*, 902 F.2d 501 (7th Cir.1990), but without the significant guidance set forth in the Supreme Court's decision in this case. We note especially the Court's statement that

> the party challenging the sentence on appeal, although it bears the initial burden of showing that the district court relied upon an invalid factor at sentencing, does not have the additional burden of proving that the invalid factor was determinative in the sentencing decision. Rather, once the court of appeals has decided that the district court misapplied the Guidelines, a remand is appropriate unless the reviewing court concludes, on the record as a whole, that the error was harmless, *i.e.*, that the error did not af-

fect the district court's selection of the sentence imposed.

*Williams*, 112 S.Ct. at 1120–21.

On this record, we cannot say that the government has demonstrated that the district court would have imposed the same sentence even without relying on Mr. Williams' prior arrest record. Accordingly, it is now incumbent on the district court to make a sentencing determination that does not consider the defendant's arrests that did not result in prosecution.

Accordingly, the case is remanded to the district court for further proceedings consistent with this opinion and in conformity with the principles stated by the Supreme Court in its opinion.

It Is So Ordered.