12 F.3d 1101
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul MUNSEN, Defendant-Appellant.
 No. 92-2032.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 15, 1993.
Decided Dec. 6, 1993.
As Amended Dec. 7, 1993.
 
 Before EASTERBROOK and MANION, Circuit Judges, and WOOD, Senior Circuit Judge.
 
 ORDER
 
 1
 Paul Munsen was found guilty of bank fraud in violation of 18 U.S.C. Sec. 1344. At Munsen's sentencing hearing, the court determined that his sentencing offense level was fourteen and sentenced him to thirty months' imprisonment. Munsen appeals his sentence. We affirm.
 
 I. Background
 A. Munsen's Criminal Conduct
 
 2
 Paul Munsen owned and operated a travel agency named Munsen's Discovery Travel. Munsen planned, organized, and booked a variety of vacation tours for his clients. One of the vacation tours which Munsen booked was a cruise to Rio de Janeiro with Sun Line Cruises, Inc. ("Sun Line"). Sun Line required Munsen to remit final payment for the cruise on behalf of his clients in January of 1990, but because of financial difficulties Munsen was unable to do so. Sun Line informed Munsen that until it received final payment of $65,626 for the cruise, Munsen's clients would not be allowed to board the ship.
 
 
 3
 As the date of departure rapidly approached, Munsen realized that he still did not have sufficient funds to pay Sun Line. Munsen was not willing to admit to Sun Line that he could not make the payment nor was he willing to leave his clients stranded on shore. Thus, to pay Sun Line, Munsen devised a simple check floating scheme among three banks. Munsen maintained two checking accounts, one at Gary-Wheaton National Bank and the other at American National Bank in Downer's Grove. Munsen also had a savings account at Household Bank. On February 21, 1990, Munsen deposited three $10,000 checks into his savings account at Household Bank. Munsen deposited three additional $10,000 checks into the Household Bank account the next day. All six checks were drawn on Munsen's account with Gary-Wheaton, which at the time had a balance of only $8,491.78. After depositing the $60,000 in worthless checks, Munsen's Household Bank account showed a balance of $60,007.89. Munsen was then able to withdraw a cashier's check in the amount of $59,626, even though his account did not have sufficient funds to support this withdrawal. Munsen used a similar scheme to create an appearance of a $6,000 balance in his account at American National Bank and withdrew a $6,000 cashier's check. Munsen presented these two cashier's checks to Sun Line. After Munsen withdrew the $59,626 and $6,000 cashier's checks, the worthless Gary-Wheaton checks bounced. Eventually, Munsen deposited sufficient funds into his accounts at Household Bank and American National Bank, fully reimbursing the banks for the fraudulent $59,626 and $6,000 withdrawals.
 
 
 4
 Munsen was indicted for one count of bank fraud for intentionally depositing the six worthless $10,000 checks in his Household Bank account. The grand jury did not indict Munsen for his scheme involving the $6,000 float at American National Bank. Munsen pleaded not guilty to the one count of bank fraud, and requested a bench trial.
 
 
 5
 At trial, the government introduced additional evidence which demonstrated that in December of 1990 Munsen had used a similar scheme by depositing $40,000 of worthless checks in his American National Bank account and then made withdrawals of approximately $15,000 based on these worthless checks. Munsen objected to the introduction of this evidence, but the district court admitted it to prove knowledge under Fed.R.Evid. 404(b).
 
 
 6
 At the close of evidence, the court found Munsen guilty as charged. Following the verdict, trial counsel withdrew and the court granted leave for substitution of counsel for sentencing. At the sentencing hearing, Munsen's attorney initially requested a continuance to prepare further arguments in response to the evidence regarding the December, 1990 check float. The district court denied the continuance and instead proceeded with the sentencing hearing.
 
 B. Sentencing Calculations
 
 7
 At the sentencing hearing, the district court applied U.S.S.G. Sec. 2F1.1, the applicable guideline for Munsen's mail fraud offense, which provides for a base offense level of six. The district court then increased the offense level an additional two levels pursuant to U.S.S.G. Sec. 2F1.1(b)(2) because Munsen's offense involved more than minimal planning. The district court also increased the offense level six more levels because the amount of "loss," including relevant conduct proven at trial, exceeded $70,000. The court determined that the amount of "loss" exceeded $70,000 by adding the $60,000 of worthless checks that defendant fraudulently deposited into his Household Bank account, and the relevant but uncharged conduct involving Munsen's $6,000 and $40,000 floats at American National Bank. The court refused to award Munsen a two-level decrease for "acceptance of responsibility" under U.S.S.G. Sec. 3E1.1. Accordingly, the district court calculated Munsen's adjusted offense level at fourteen. As a result of prior convictions, including a prior Florida conviction, the district court determined that Munsen's criminal history category was four. This yielded a sentence range between twenty-seven and thirty-three months. The court sentenced Munsen to thirty months' imprisonment.
 
 II. Discussion
 
 8
 On appeal, Munsen claims that the district court erred in refusing to grant a two-level reduction for acceptance of responsibility. He further claims that the district court erred in calculating "loss" under Sec. 2F1.1. Finally, he claims that he was denied effective assistance of counsel because the court refused to grant a continuance at the sentencing hearing and because his attorney failed to make certain arguments.
 
 A. Acceptance of Responsibility
 
 9
 Munsen argues that the district court erred in failing to grant him a two-level reduction for acceptance of responsibility. Section 3E1.1(a) of the Sentencing Guidelines in effect at the time he was sentenced provides that "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, reduce the offense level by 2 levels." U.S.S.G. Sec. 3E1.1(a). The Commentary further explains that "[t]his adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt" and only admits guilt and expresses remorse following conviction. U.S.S.G. Sec. 3E1.1, comment. (n. 2). But even with a conviction, denial of the reduction is not automatic. Id.
 
 
 10
 Munsen argues that he was entitled to a two-point reduction because he admitted both doing the acts for which he was convicted and the wrongfulness of these acts. "Whether [defendant] accepted responsibility within the meaning of Sec. 3E1.1 is essentially a question of fact for the district court to resolve." United States v. Franklin, 902 F.2d 501, 505 (7th Cir. 1990). The Commentary to Sec. E1.1 specifically delineates the district court's discretion stating that "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. Sec.3E1.1, comment. (n.5). Accordingly, we will uphold a district court's determination of whether the defendant accepted responsibility unless it constitutes clear error. United States v. Jordan, 890 F.2d 968, 972 (7th Cir. 1989).
 
 
 11
 Application of the Commentary to the facts at hand clearly demonstrates that the district court's refusal to grant Munsen a reduction of two points for acceptance of responsibility does not constitute clear error. First, at all times before and after trial, Munsen maintained that he did not knowingly defraud anyone. To maintain an action for bank fraud the government must prove that Munsen knowingly defrauded a bank. 18 U.S.C. Sec. 1344. Accordingly, Munsen's denial of intent "put the government to its burden of proof at trial by denying the essential factual elements of guilt. . . ." U.S.S.G. Sec.3E1.1. comment. (n.2). Additionally, the court could reasonably conclude that any acceptance of responsibility was untimely as Munsen pleaded not guilty, proceeded to trial, obtained a guilty judgment and obtained a sentencing level all before admitting that he "now knows that he did constitutes bank fraud." Even then his acceptance was equivocal. Instead of admitting he was wrong, he claimed he did not realize what he did was wrong at the time, but he does now. As the district court noted, "He doesn't own up to what he actually had been doing." Moreover, Munsen had previously been found guilty of bank fraud, demonstrating his recidivism. Given these facts, we cannot say that the district court clearly erred in denying Munsen a reduction for acceptance of responsibility.
 
 B. Calculation of Loss
 
 12
 Munsen next argues that the district court erred by increasing the offense level by six levels based on the amount of "loss." "The district court's determination of the amount of loss involved in the defendant's offense under Sec. 2F1.1(b)(1) is a finding of fact which we review for clear error only." United States v. Strozier, 981 F.2d 281, 283 (7th Cir. 1992). "However, the meaning of "loss" in Sec.2F1.1(b)(1) is 'a legal question on which our review is plenary."' Id., quoting United States v. Mount, 966 F.2d 262, 265 (7th Cir. 1992).
 
 
 13
 Section 2F1.1(b)(1) provides for a six-level increase in the base offense level for fraud where the "loss" is in excess of $70,000, but less than $120,000. The district court increased the offense level six levels finding that the amount of "loss" including relevant conduct proven at trial, exceeded $70,000. The district court determined that the amount of "loss" exceeded $70,000 by adding the $60,000 of worthless checks that defendant fraudulently deposited into his Household Bank account, and the relevant conduct involving Munsen's $6,000 and $40,000 floats at American National Bank.
 
 
 14
 Munsen argues that at all times he intended to replace the funds. He also quotes a bank officer who testified that the bank did not actually sustain a loss other than a minimal loss of interest because Munsen fully reimbursed the bank for the withdrawals. Based on this, Munsen argues that no Sec. 2F1.1(b)(1) "loss" occurred.
 
 
 15
 This argument is meritless. "Loss" refers to the value of the property fraudulently taken, not the ultimate harm to the victim. Sec. 2B1.1; see Mount, 966 F.2d at 266. Moreover, "loss" is the full amount taken even if the defendant plans to repay the money because during the interim, the bank remains at risk that the defendant will not repay the funds. Mount, 966 F.2d at 266. The amount of money that Munsen withdrew from the bank exceeded $70,000.[1] Accordingly, we affirm the district court's finding that the amount of "loss" exceeded $70,000, thus warranting a six-point increase in the offense level.
 
 C. Ineffective Assistance of Counsel
 
 16
 Munsen also submits various arguments that he was denied effective assistance of counsel. First, Munsen claims that the failure of his attorney to argue that no "loss" occurred constitutes ineffective assistance of counsel. Second, Munsen asserts that he was denied effective assistance of counsel because the district court denied his request for a continuance of the sentencing hearing until he could obtain a trial transcript. Munsen argues that this denial made it impossible for defense counsel to recognize that "no loss" occurred in the December 1990 float. Finally, Munsen claims that he was denied effective assistance of counsel because his attorney failed to argue that the Florida conviction the district court included in its calculation of Munsen's Criminal History category was unconstitutional.
 
 
 17
 Munsen's first two ineffective assistance claims fail because the court properly calculated "loss" and, therefore, an attorney's failure to argue that the court improperly calculated "loss" cannot be ineffective. Munsen's final claim also fails because Munsen cannot show prejudice. To prevail on an ineffective assistance claim a defendant must "show not only that his former counsel's performance fell below the broad range of competence, but that it was prejudicial." Barkauska v. Lane, 946 F.2d 1292, 1295 (7th Cir.1991) citing Strickland v. Washington, 466 U.S. 668 (1984). Munsen cannot show prejudice from his attorney's actions because even at this late date he offers no reason to believe that his Florida conviction was unconstitutional. Since Munsen has failed to demonstrate any prejudice from his trial counsel's failure to question the validity of the Florida conviction, we hold that Munsen was not denied effective assistance of counsel.
 
 III. Conclusion
 
 18
 For the reasons we have stated, we affirm Munsen's sentence.
 
 
 
 [1]
 In determining that the "loss" exceeded $70,000, the district court apparently added the value of the worthless checks deposited ($60,000, $6,000 and $40,000), not the amount of money Munsen withdrew based on the floats ($59,626, $6,000, and approximately $15,000). Since the amount of money which Munsen withdrew from the banks exceeded $70,000 we need not consider the value of the worthless checks deposited