42 F.3d 1392
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael A. HUNTER, aka Ace, Defendant-Appellant.
 No. 93-3322.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 22, 1994.
Decided Dec. 1, 1994.[1]
 
 Before POSNER, Chief Judge, and CUMMINGS and MANION, Circuit Judges.
 
 ORDER
 
 1
 Michael A. Hunter appeals from his sentence, imposed following his conviction pursuant to a guilty plea for three wire fraud charges. Hunter contends that the district court erred in refusing[2] to reduce his offense level based on his acceptance of responsibility, U.S.S.G. Sec. 3E1.1, notwithstanding his criminal conduct while out on bond.
 
 
 2
 When defendant was arrested in September 1992, a search of his apartment revealed stolen blank personal checks, stolen credit cards, blank false identification documents and birth certificates, laminating material, and numerous pawn receipts for jewelry, along with some of the merchandise defendant purchased with the stolen credit cards. In November 1992, defendant was indicted. He subsequently pled guilty to obtaining, using, and selling fraudulent credit cards, often applied for in the names of robbery victims in violation of 18 U.S.C. Sec. 1343. While these charges were pending against him, in February 1993, defendant participated in a check forgery scheme in Wisconsin. He was not identified as the offender and arrested for that crime until August 5, 1993.
 
 
 3
 In the meantime, in May 1993, defendant pled guilty to the three federal wire fraud charges in the present case. On August 26, 1993, at the sentencing hearing, the district court learned of defendant's involvement in the check forgery scheme. The government withdrew its stipulation to a reduction in offense level based on acceptance of responsibility.
 
 
 4
 The sentencing judge's findings of fact regarding a defendant's acceptance of responsibility is entitled to great deference on review. U.S.S.G. Sec. 3E1.1, comment (n. 5); United States v. Tolson, 988 F.2d 1494, 1497 (7th Cir.1993). Questions of law relating to a sentencing decision are reviewed de novo. United States v. McDonald, 22 F.3d 139, 141 (7th Cir.1994). In determining whether a defendant qualified for the reduction, the court may consider whether defendant has voluntarily terminated or withdrawn from criminal conduct or associations. U.S.S.G. Sec. 3E1.1, comment (n. 1(a) and (b)).
 
 
 5
 While defendant was out on bond, he was arrested in Wisconsin for check forgery--conduct very similar to that for which he was awaiting sentencing.[3] The district court could properly find that defendant had failed to withdraw from criminal conduct.
 
 
 6
 Defendant argues that his criminal conduct should be ignored because it preceded his guilty plea in the present case. We see little difference between a defendant engaging in separate criminal conduct after the crime but before the guilty plea, or after the crime but after the guilty plea. Consideration of post-arrest, but pre-plea criminal conduct is relevant. See, e.g., United States v. Panadero, 7 F.3d 691, 694 (7th Cir.1993) (commission of additional bank frauds while out on bond for a bank fraud charge); United States v. Franklin, 902 F.2d 501, 506 (7th Cir.1990) (continued drug dealing while out on bond).
 
 
 7
 We uphold the district court's refusal to grant a reduction for acceptance of responsibility based on defendant's engaging in similar criminal activity while charges were pending against him. The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Defendant has filed such a statement, which we have considered along with the briefs and record
 
 
 [2]
 While defendant maintains that the district court did not exercise its discretion, but instead believed that it was required to deny the reduction, we find nothing in the record to support this
 
 
 [3]
 Defendant does not dispute that he engaged in such fraudulent conduct