**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**James Malcolm ARCHER,**
**Defendant–Appellant.**

**No. 93–2216.**

United States Court of Appeals,
Tenth Circuit.

Nov. 21, 1995.

Thomas J. Clear, III, Albuquerque, New Mexico, for Defendant–Appellant.

John J. Kelly, United States Attorney, and Mary L. Higgins, Assistant United States Attorney, Albuquerque, New Mexico, for Plaintiff–Appellee.

Before ANDERSON, LOGAN and REAVLEY,* Circuit Judges.

LOGAN, Circuit Judge.

Defendant James Malcolm Archer appeals after sentencing on his guilty plea to one count of bank fraud and aiding and abetting in violation of 18 U.S.C. §§ 1344(1) and 2.[1] He contends that we must remand for resentencing because the district court (1) failed to assure that defendant and his counsel timely received and had the opportunity to review and object to his presentence report (PSR), as required by Fed.R.Crim.P. 32, and (2) denied his allocution rights under Fed. R.Crim.P. 32(a)(1)(C).[2]

## I

The original PSR applied the 1992 Sentencing Guidelines, and calculated a base offense level of 6. U.S.S.G. § 2F1.1(a). The base offense level was increased eleven levels for a loss of more than $800,000, *id.* § 2F1.1(b)(1)(L); increased two levels for more than minimal planning; and decreased two levels for acceptance of responsibility. The total offense level of 17 and criminal history category of I resulted in a guideline sentencing range of twenty-four to thirty months.

Defendant filed objections to the PSR, arguing that an eleven-level increase for an $816,000 loss was not warranted because he was significantly less involved in the scheme than two other participants. He also asserted that he was entitled to a two-level decrease for role in the offense because he was a minor participant.

The first addendum to the PSR recommended rejecting defendant's objections. A second addendum recalculated the sentence based on the 1988 Guidelines in effect at the time of the offense. Defendant and his counsel did not receive a copy of either addendum until after sentencing. The earlier loss tables provided for only an eight-level increase for a loss of $800,000. *See* U.S.S.G. § 2F1.1(b)(1)(I) (1988). The recalculated total offense level was 14, resulting in a sentencing range of fifteen to twenty-one months.

At sentencing, the district court adopted the guidelines application in this second addendum. The court granted the government's motion for downward departure for substantial assistance under U.S.S.G. § 5K1.1, based on defendant's assistance in investigation of the bank fraud scheme and his testimony against two others involved in the scheme. The court departed downward one level to a guidelines range of twelve to eighteen months, and imposed a sentence of twelve months with three years supervised release.

Defendant argues that we must remand for resentencing because the district court

---

* The Honorable Thomas M. Reavley, Senior United States Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. Citations to Fed.R.Crim.P. 32 are to the version in effect in July 1993, the date of sentencing.

failed to ensure compliance with Rule 32. Fed.R.Crim.P. 32(a)(1) provides that:

> Prior to the sentencing hearing, the court shall ...
>
> (A) determine that the defendant and defendant's counsel have had the opportunity to read and discuss the presentence investigation report ... [and]
>
> (B) afford counsel for the defendant an opportunity to speak on behalf of the defendant.

Rule 32(c)(2) requires that the PSR contain the "classification of the offense level" used to determine the suggested sentencing range, and Rule 32(c)(3) requires that the court provide defendant and his counsel with a copy of the PSR at least ten days before sentencing.

The government concedes that the district court failed to determine whether defendant and his counsel had the opportunity to review and discuss the PSR. The record on appeal confirms that counsel was not aware of the addenda. *See* IV R. 8 (at sentencing defense counsel argued for reduction from an offense level of 17 in the original PSR, obviously unaware of the revised offense level of 14 calculated in the second addendum). The district court thus failed to comply with Rule 32(a)(1)(A) and 32(c)(3)(A).

■■■ We will remand for resentencing, however, only if defendant suffered prejudice as a result of the Rule 32 violation. *United States v. Rangel–Arreola,* 991 F.2d 1519, 1526 (10th Cir.1993). Defendant argues that he was prejudiced because if he had seen the addenda he would have challenged the $800,000 loss calculation. But his counsel addressed the loss calculation at sentencing, pointing out that the government had agreed not to oppose a reduction in the amount of loss. Although defendant asserts that he would have offered evidence to contradict the loss level, under the Guidelines, sentences accommodate the total amount of money involved in the offense. *See* U.S.S.G. § 1B1.3(a)(1). Defendant offers no evidence

that the total amount of loss applied by the district court was incorrect.

Defendant further contends that his role in the offense was minimal. Defendant's counsel also made this argument at the sentencing proceeding; the district court rejected it. Because defendant does not assert contradictory facts that challenge the accuracy of the PSR, he suffered no prejudice from the Rule 32 violation, and "it would be meaningless to remand for resentencing." *Rangel–Arreola,* 991 F.2d at 1526.[3]

### II

■■ Defendant also asserts that the district court denied him the right to allocution because it did not address him personally to determine whether he wished to speak on his own behalf before sentencing. The applicable rule provides that before imposing sentence the court must "address the defendant personally and determine if the defendant wishes to make a statement and to present any information in mitigation of the sentence." Fed.R.Crim.P. 32(a)(1)(C). "The right to allocution is an integral part of the sentencing process which if not fully afforded to the defendant requires a reversal of the sentence imposed." *United States v. Muniz,* 1 F.3d 1018, 1025 (10th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 575, 126 L.Ed.2d 474 (1993) (citing *Green v. United States,* 365 U.S. 301, 304, 81 S.Ct. 653, 655, 5 L.Ed.2d 670 (1961)).

The following exchange occurred at the beginning of the sentencing proceeding. Two attorneys, Thomas Clear and Arnold Miller, appeared on behalf of defendant.

> THE COURT: Will the defendant and counsel please come forward to the lectern. Previously I set this time and place for the ordering of a final disposition. The presentence report has been prepared and I have reviewed it. And at this time I am prepared to order a final disposition in this case.
>
> Before I do so, I will ask the defendant and his counsel if either can cite any rea-

---

3. We note that "it is readily apparent that appeals such as this could be avoided if the district court would ask, without exception, a series of routine questions designed to provide it with the information necessary to make the determinations required by Rule 32(c)(3)(A)." *United States v. Lockhart,* 58 F.3d 86, 89 (4th Cir.1995).

son to the Court as to why sentence should not be pronounced?

MR. CLEAR: No, your Honor.

THE COURT: Do any of you wish to make a statement in mitigation of punishment or do any of you wish to make any other statement which other statement is properly related to this proceeding?

MR. MILLER: Your Honor, I would like to make a very brief argument on behalf of Mr. Archer.

IV R. 3–4. Miller then reiterated objections to the PSR and discussed defendant's background and his need to care for his children. Miller concluded by asking that the district court consider granting defendant probation. The court stated that probation was not a possibility. The district court adopted the PSR and imposed sentence. The judge then asked defendant if he would voluntarily surrender, and if he understood his appeals rights. Finally, the court asked:

THE COURT: Anything further in this case at this time?

[THE GOVERNMENT]: No, Your Honor.

MR. MILLER: No, Your Honor.

THE COURT: All right.

*Id.* at 12.

■ The government asserts that the district court included defendant in his invitation for statements in mitigation of sentence, and points out that the sentencing judge need not address the defendant by name as long as the judge addresses the defendant personally. *See United States v. Flores,* 959 F.2d 83, 88 (8th Cir.) (right of allocution afforded when district court asked defendant "Do you know of any reason why the Court should not pronounce sentence? That is, are you ready to receive the Court's sentence?" and defendant replied "Yes, sir"), *cert. de-*

nied, 506 U.S. 976, 113 S.Ct. 469, 121 L.Ed.2d 376 (1992). Defendant acknowledges that the district court included him in the initial invitation to speak. However, after Miller argued on his behalf, defendant asserts that the district court should have afforded him an opportunity to speak.

*United States v. Franklin,* 902 F.2d 501, 506 (7th Cir.), *cert. denied,* 498 U.S. 906, 111 S.Ct. 274, 112 L.Ed.2d 229 (1990), addressed facts very similar to the instant case.[4] The *Franklin* court rejected the defendant's argument that the district judge was required to renew his invitation to defendant after his counsel finished speaking. "Wisely, neither Rule 32(a)(1)(C) nor any case law requires such a rigid procedural formula. Neither [the defendant] nor his counsel indicated that [the defendant] wished to accept the court's invitation to speak on his own behalf." *Id.* at 507. Thus, the court concluded that the defendant received his right of allocution. Likewise, in the instant case, the court's invitation unequivocally informed defendant that he had a right to speak before sentencing. Therefore, we hold that the district court afforded defendant his right to allocution.

AFFIRMED.

---

4. The *Franklin* court stated:

Prior to sentencing Anderson, the district judge asked: "All right. Mr. Rose (Anderson's attorney) and Mr. Anderson, do either or both of you have any statement that you want to make in mitigation of sentence that the court ought to consider in determining the appropriate sentence in this case?" Anderson's counsel made a presentation to the court and argued for a sentence in the lower range of the Guide-

lines. The court then asked Anderson's counsel to comment on a couple of concerns the court had. After Anderson's counsel addressed those concerns, the court addressed counsel for the government. Finally, the judge asked, "All right. Is there anything you want to state further, Mr. Rose?" Anderson's counsel added nothing further and the court proceeded to sentence Anderson.

902 F.2d at 507.