# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

————————

m 01-20849
Summary Calendar

————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ALBERTO HERNANDEZ,
ALSO KNOWN AS ARMANDO SALICEDO HERNANDEZ,
ALSO KNOWN AS ALBERTO SAUCEDO HERNANDEZ,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Southern District of Texas

————————————

May 9, 2002

Before JONES, SMITH, and
EMILIO M. GARZA, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

## I.

Alberto Hernandez, a citizen of Mexico, was deported from the United States in 1998. In 2000, INS agents found him in Houston, Texas, after he had returned to the United States to try to renew his resident alien status. Hernandez was charged with, and pleaded guilty of, illegal re-entry into the United States.

On the first day of sentencing, the district court determined a sentencing range of twenty-one to twenty-seven months' imprisonment and stated that "[a]t this time I would invite counsel and Mr. Hernandez to make any statement that they wish." Defense counsel then requested a downward departure from the guidelines, but Hernandez did not speak.

Sentencing continued the next day, at which time the court stated that "the specific issue is the defendant's immigration status." The court stated that it "invites counsel to make any statements with respect to the departure issue and to address that issue." Once again, defense counsel made a statement, but Hernandez did not.

The court then denied Hernandez's request for a departure and sentenced him to twenty-one months' imprisonment. Hernandez claims the court violated his right to allocution under FED. R. CRIM. P. 32(c)(3)(C). We find no error and affirm.

## II.

Rule 32(c)(3)(C) requires that, before imposing sentence, the district court must "address the defendant personally and determine whether the defendant wishes to make a statement and to present any information in mitigation of sentence." FED. R. CRIM. P. 32(c)(3)(C). The application of the rule is reviewed *de novo*. *United States v. Myers*, 150 F.3d 459, 461 (5th Cir. 1998). "Failure to afford a defendant his allocution rights necessitates remand and is not reviewed for harmless error." *United States v. Delgado*, 256 F.3d 264, 279 (5th Cir. 2001).

"Rule 32 envisions a *personal* colloquy between the sentencing judge and the defendant." *Myers*, 150 F.3d at 461. The rule is not a mere formality; it has "value in terms of maximizing the perceived equity of the [sentencing] process." *Id.* at 463 (internal citations omitted). The defendant's right to allocution cannot be vindicated merely by allowing counsel to speak on his behalf. *Id.* Instead, the court "should leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing."

*United States v. Washington*, 44 F.3d 1271, 1276 (5th Cir. 1995).

Hernandez argues that his right to allocution was violated because the court did not extend an unequivocal-enough personal invitation for him to speak on any issue he chose, and because it failed to renew that invitation on the second day of sentencing, when the departure issue was discussed. These contentions are without merit.

The district court plainly indicated that either Hernandez or his counsel could "make *any* statement that they wish" (emphasis added). It is difficult to imagine a more comprehensive invitation to speak. Indeed, two other circuits have upheld the validity of similarSSbut somewhat less comprehensiveSSinvitations to speak.[1] "Rule 32(c)(3)(C)does not purport to set out a script that the district courts must follow when advising defendants of their right to allocution

---

[1] In *United States v. Archer*, 70 F.3d 1149, 1152 (10th Cir. 1995), the court upheld the validity of a district court's invitation to speak that asked "the defendant and his counsel if either can cite any reason to the Court as to why sentence should not be pronounced . . . or wish to make a statement in mitigation of punishment or . . . any other statement which other statement is properly related to the proceeding." Unlike the court in the instant case, the court in *Archer* did not explicitly tell the defendant that he could make *any* statement he wished, but only one "properly related to the proceeding." *Id.* Similarly, in *United States v. Thomas*, 875 F.2d 559, 561 (6th Cir. 1989), the court upheld a statement that invited "[e]ither you [the defendant] or [defense counsel] . . . [to] address the court on your behalf." Here, the courtSSmore so than in *Archer* or *ThomasSS*stated plainly that the defendant could speak on any subject he chose.

. . . . Instead, the substance of what occurred is what counts." *United States v. Williams*, 258 F.3d 669, 674 (7th Cir.), *cert. denied*, 122 S. Ct. 414 (2001). Here, there is no doubt that the court extended to Hernandez a comprehensive, easily understood invitation to "make any statement" he chose to present, and thus the substance of the proceeding was entirely proper.

Hernandez is also mistaken in claiming that the court should have reiterated its invitation on the second day of sentencing. It is "unnecessary for a court to renew its invitation for allocution, even when further discussion took place between the [initial] invitation for allocution and the eventual pronouncement of sentencing." *United States v. Dabeit*, 231 F.3d 979, 982 (5th Cir. 2000), *cert. denied*, 531 U.S. 1202 (2001). If the original invitation to speak was comprehensive and readily understandable, it is "not necessary for a judge to renew [it]." *Id.*

AFFIRMED.