

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-24-2004

# USA v. Carney

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1687

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Carney" (2004). *2004 Decisions*. Paper 984.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/984

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-1687
_____

UNITED STATES OF AMERICA

v.

HASSAN CARNEY,
a/k/a Boo-Boo,
a/k/a Willie Timmons,
a/k/a Shawn Carney,
a/k/a William Butts

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania

District Court Judge: The Honorable Judge John P. Fullam
(D.C. Civil No. 02-cr-00282-1)

_____

Argued: January 27, 2004

Before: NYGAARD, FUENTES & STAPLETON, <u>Circuit Judges</u>.

(Opinion Filed: February 24, 2004)

Brett G. Sweitzer (argued)
Federal Court Division
Defender Association of Philadelphia
Suite 540 West - Curtis Center
Independence Square West
Philadelphia, PA 19106

*Attorney for Appellant*

Thomas P. Hogan, Jr. (argued)
Office of the United States Attorney
615 Chestnut Street
Philadelphia, PA 19106

*Attorney for Appellee*

_____

OPINION OF THE COURT
_____


FUENTES, Circuit Judge:

Appellant Hassan Carney pleaded guilty in September 2002 to one count of illegal possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On February 25, 2003, the District Court held a sentencing hearing, during which the Court took testimony and heard argument from counsel on both sides. At the outset of the hearing, the Court informed Carney that he would be given an opportunity to speak in mitigation of his sentence:

> THE COURT: Mr. Carney, before imposing sentence, I'll hear anything which you or your lawyer may have to say. And before we get to that, we'll discuss the various objections to the presentence report. Who wishes to go first?

Appendix 21a. The Court then heard argument from counsel regarding several disputed sentencing issues, which, since we write solely for the parties, we need not describe in detail here.

2

In arriving at the specific sentence, the Court determined that Carney's range under the Sentencing Guidelines was 110-137 months. However, the statutory maximum, 120 months, shortened the range to 110-120. After setting forth the Guidelines range, the Court stated:

> THE COURT: I will now hear any further argument anybody wants to make as to what the correct sentence should be.

Appendix 37a. Defense counsel responded by arguing in favor of a sentence at the bottom of the range. When defense counsel finished, the Court asked the government attorney for his view, and the government attorney argued in favor of the maximum sentence. The Court then made the following observations:

> [I]t seems to me that the defendant's past history is much worse than the record would make it appear. I draw the inference from the – his history – of prosecution in the Court of Common Pleas of Philadelphia, that the defendant was frequently committing offenses, but then persuading witnesses not to test – not to appear against him at court. And that is part of the pattern that he seems to have followed for the – most of his life.

Appendix 22a. The Court also noted that Carney had engaged in egregious behavior during his incarceration, and had threatened a police officer on a previous occasion. Taking all the circumstances into account, the Court sentenced Carney to 120 months' imprisonment (the statutory maximum), followed by 36 months of supervised release. Carney filed a notice of appeal. The District Court had jurisdiction over this case under 18 U.S.C. § 3231. This Court exercises jurisdiction over a final judgment pursuant to 28

3

U.S.C. § 1291 and 18 U.S.C. § 3742(a) as an appeal of a sentence imposed under the Sentencing Reform Act of 1984.

## II.

Carney raises three issues on appeal. First, he argues that the District Court failed to satisfy its obligation under the Federal Rules of Criminal Procedure to personally address Carney during sentencing and invite him to speak on his own behalf. Second, Carney argues that the District Court improperly considered certain aspects of Carney's criminal history, specifically, the alleged instances of witness intimidation. Third, Carney argues that the District Court erred in granting the government's request for an enhancement based on reckless endangerment of his arresting police officers. For the reasons that follow, we conclude that the District Court violated Federal Rule of Criminal Procedure 32(i)(4)(A)(ii). We will therefore vacate and remand for re-sentencing.

Because no objection was raised during sentencing, we review Carney's claim that he was denied his right of allocution for plain error. FED.R.CRIM.P. 52(b); United States v. Adams, 252 F.3d 276, 284 (3d Cir. 2001). Under that standard, "before an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affect[s] substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." United States v. Vasquez, 271 F.3d 93, 99 (3d Cir. 2001) (citations omitted).

4

Rule 32(i)(4)(A)(ii) requires the court, before imposing sentence, to "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." FED.R.CRIM.P. 32(i)(4)(A)(ii). The rule is an outgrowth of the Supreme Court's decision in Green v. United States, 365 U.S. 301 (1961), in which the Court held that the sentencing judge must personally address the defendant before sentencing him. The Court, which was divided on the question of whether the defendant in Green had actually been denied his right of allocution (before sentencing, the judge asked "[d]id you want to say something?"), stated:

> Trial judges before sentencing should, as a matter of good judicial administration, unambiguously address themselves to the defendant. Hereafter trial judges should leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing.

Id. at 305.

The parties agree that the sentencing hearing unfolded as we described above. Their dispute concerns the proper interpretation of what occurred. We agree with Carney: the Court's comments at the outset of the hearing, although unambiguously directed at him, did not satisfy the Court's duty under Rule 32. The purpose of the Court's directive appears to have been intended to notify Carney that later in the hearing he would be invited to speak. The government concedes that the District Court's exhortation later in the proceedings to hear from "anybody" was not the sort of personal address contemplated by Rule 32. The government argues, however, that the initial comment directed at Carney constituted the invitation to speak, and that therefore the Court was not required to renew its request to hear from the defendant. But the government does not

5

explain why the District Court did not wait to see whether Carney wished to say something before moving on to "discuss the various objections to the presentence report" as it so quickly did at the outset of the sentencing hearing. It is apparent to us that the Court did not intend for Carney to speak when it addressed him initially. We therefore reject the government's contention that this case falls into the category of cases in which the court did not violate Rule 32 when it invited the defendant to speak early on, but then failed to renew that invitation later in the proceeding. See, e.g., United States v. Hernandez, 291 F.3d 313, 315 (5th Cir. 2002) (The district court did not violate Rule 32 when, on the first day of the sentencing hearing, the court stated "[a]t this time I would invite counsel and [defendant] to make any statement they wish," but did not later renew the invitation). We conclude that at no time during the sentencing hearing did the District Court personally address Carney and invite him to speak on his behalf.

Accordingly, we conclude that the District Court committed error and that the error was plain. See Adams, 252 F.3d at 286 (Having found that the district court committed error when it failed to personally address the defendant, this Court stated that "[i]n light of the District Court's clear duty to do so, this error was 'plain' because it was 'clear' or obvious.'") (internal citations omitted).

The remainder of our inquiry is largely dictated by our decision in Adams. There we stated that a violation of Rule 32(i)(4)(A)(ii) should generally be presumed to be prejudicial, because requiring the defendant to prove that the error affected the outcome of the court proceedings "would be an onerous burden . . . to meet." 252 F.3d at 287.

6

Given this difficulty, we stated that prejudice should be presumed when a defendant shows both a violation of the right and "the opportunity for such a violation to have played a role in the district court's sentencing decision." Id. In this case, as in Adams, prejudice is presumed because Carney, without having an opportunity to address the Court, was sentenced to the maximum within his range.

Finally, we must consider whether the District Court's error affected the fairness, integrity or public reputation of judicial proceedings. Again, Adams is instructive:

> [A] defendant's allocution plays a crucial part in the sentencing process, and thus denial of this right is not the sort of "isolat[ed] or "abstract" error that we might determine does not impact the "fairness, integrity or public reputation of judicial proceedings."

Id. at 288. The Court noted that although Rule 32(i)(4)(A)(ii) does not have a basis in the Constitution, it is a rule of ancient origin and an important safeguard in the sentencing process. Id. Rule 32 was amended after the Supreme Court's decision in Green to remove ambiguity from the process, and we believe that the integrity of this and future sentencing proceedings will be strengthened by a strict interpretation of the rule. Although we recognize that the District Court's error may not have been flagrant, and that the Court may very well impose the same sentence after providing Carney the opportunity to speak, based on our case law and the import of Rule 32, we will vacate the sentence here and remand for further proceedings.

Carney raises two further issues on appeal concerning his sentencing. He contends that the District Court erred in enhancing his sentence based on Carney's reckless conduct (fleeing with a loaded handgun), and he claims that the District Court improperly took

7

into account alleged witness intimidation by Carney. Both issues are committed to the Court's sound discretion. After carefully reviewing the record, however, we discern no abuse of discretion.[1]

For the reasons stated herein, we will vacate the District Court's judgment and order of sentence and remand for resentencing.

---

[1]    Judge Stapleton would hold there is no reasonable basis for the District Court's conclusion that the "defendant was frequently committing offenses, but then persuading witnesses not to testify." Because obstruction of justice is a serious criminal offense, Judge Stapleton is unwilling to assume that the sentencing decision was unaffected by the judge's speculation that the defendant was guilty of a series of such offenses.

NYGAARD, J., concurring.

I concur in the result reached by the majority. I am not at all sure that the DC erred. Moreover, from appellant's extensive record one could surmise that he knows as much about sentencing procedure as I do. At oral argument, the government conceded that neither the initial comment nor the later opportunity for "further argument . . . as to what the correct sentence should be," taken in isolation, would satisfy Rule 32(i)(4)(A)(ii)'s requirement of a personal address to the defendant. I find that concession determinative.