United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 15, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

03-40554

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

Versus

DANIEL CASAS-TORREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
L-02-CR-1422-2

_____

Before KING, Chief Judge, HIGGINBOTHAM, and DAVIS, Circuit
Judges.

W. EUGENE DAVIS, Circuit Judge:[1]

Upon reconsideration, this panel's previous opinion in this
case is hereby withdrawn in its entirety and replaced by the
following.

The sole issue in this case is whether the defendant was
denied his right of allocution as required by Federal Rule of

---

[1]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-1-

Criminal Procedure 32 (i)(4)(A)(ii) ("Rule 32"). Because the defendant was given an opportunity to address the court and personally present mitigating evidence, we are satisfied the district court complied with Rule 32 and we AFFIRM.

## I. FACTS AND PROCEEDINGS

Defendant, Daniel Casas-Torrez, pleaded guilty, pursuant to a written plea agreement, to conspiring to transport undocumented aliens within the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I). The Presentencing Report ("PSR") recommended a base offense level of 12 and an increase of 20 in Casas-Torrez's offense level because he brandished a knife while fleeing from the border patrol agent. On March 7, 2003, ("March hearing") the parties appeared before the district court for sentencing; the court addressed Casas-Torrez and said "[t]his is your opportunity to say anything you want about the issue of sentencing." Casas-Torrez apologized to the court for his offense and asked the court for probation so he could take care of his children and his wife, who according to Casas-Torrez was unable to work. Casa-Torrez's attorney then asked the court for an extra point reduction for acceptance of responsibility and argued against the weapons enhancement.

During the hearing, a controversy developed about facts surrounding both acceptance of responsibility and the weapons enhancement. The district court decided to forgo sentencing and

scheduled another hearing to hear testimony from the border agent on the weapons enhancement and further argument on the acceptance of responsibility deduction.

The follow-up hearing took place on April 9, 2003, ("April hearing"). First, the border agent testified regarding the weapons enhancement and his encounter with Casas-Torrez the night of his arrest. The agent testified that, when he recovered the knife from the defendant, the serrated blade was exposed and the knife was found on the ground where the struggle between Casas-Torrez and the border agent took place.

Next, Casas-Torrez himself testified and offered his account of the night of his arrest; he was also able to tell the court about his job at a supermarket and discuss his family's financial circumstances.

The district court granted the weapons enhancement, stating that it believed the agent's testimony and disbelieved Casas-Torrez's testimony "in every particular." Though troubled by Casas-Torrez's apparent false statements regarding the details of his offense, the district court granted Casas-Torrez a downward adjustment of three levels (to offense level 17) for acceptance of responsibility in accordance with his plea agreement. Based on an offense level of 17 and a criminal history category of I, Casas-Torrez faced an imprisonment range of 24 to 30 months. The district court sentenced Casas-Torrez to 30 months' imprisonment, three years supervised release, and a $100 special assessment.

-3-

During the April hearing, the district court did not ask Casas-Torrez if he wanted to address the court further about his sentence. Casas-Torrez timely appealed his sentence.

On December 10, 2004, this panel issued an opinion in which we vacated the defendant's sentence and remanded for resentencing because the district court did not personally address the defendant at the April hearing and afford him an opportunity for allocution in accordance with Rule 32. Thereafter, the district court called our attention to the March hearing, which was neither included in the appellate record nor referred to in either party's briefs.

After reviewing the transcripts from both the March and April hearings, we conclude that Casas-Torrez was afforded his right of allocution in this case and has not shown a violation of Rule 32. The sentencing hearing was interrupted on March 7 and continued on April 9. The defendant was given a full opportunity to allocute during the March 7 segment of the hearing. This satisfies Rule 32, which does not require allocution immediately before sentence is imposed. See United States v. Hernandez, 291 F.3d 313, 316 (5th Cir. 2002) (it is not necessary for the court to renew its invitation for allocution when right of allocution extended to defendant on previous day of sentencing proceeding). We find no error and affirm the district court.

AFFIRMED.