

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-16-2006

# USA v. Carney

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2226

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Carney" (2006). *2006 Decisions.* Paper 203.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/203

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 04-2226

———————

UNITED STATES OF AMERICA

v.

HASSAN CARNEY
a/k/a Boo-Boo
a/k/a Willie Timmons
a/k/a Shawn Carney
a/k/a William Butts

Hassan Carney,
Appellant

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 02-cr-00282
(Honorable John P. Fullam)

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 8, 2006

Before: SCIRICA, *Chief Judge*, McKEE and STAPLETON, *Circuit Judges*

(Filed: November 16, 2006)

———————

OPINION OF THE COURT

———————

SCIRICA, *Chief Judge*.

Hassan Carney challenges his sentence in light of *United States v. Booker*, 543

U.S. 220 (2005).  We will vacate the sentence and remand for resentencing.  *United*

*States v. Davis*, 407 F.3d 162, 164 (3d Cir. 2005) (en banc).

**I.**

Hassan Carney pled guilty to a single count of possession of a firearm by a felon in

violation of 18 U.S.C. § 922(g)(1).  On February 25, 2003, the District Court sentenced

Carney to 120 months in prison, a three-year term of supervised release, a $1,000 fine,

and a special assessment of $100.  At sentencing, the District Court determined Carney

had an offense level of 25[1] and a criminal history category of VI, which rendered a

sentencing range of 110 to 137 months.  The District Court imposed the statutory

maximum sentence of 120 months.

Carney filed a timely appeal contending he was not afforded the right to allocution

and challenging other sentencing factors.  We vacated the sentence and remanded on the

issue of proper allocution.  *See United States v. Carney*, 88 F. App'x 534, 536 (3d Cir.

2004).  On April 19, 2004, the District Court re-sentenced Carney to 115 months in

prison, with the other terms unchanged.  Carney again filed a timely appeal.

**II.**

---

[1] The District Court found a base offense level of 24, then assessed a two-level
enhancement for possession of a stolen firearm, a two-level enhancement for reckless
endangerment of a police office, and a three-level downward departure for acceptance of
responsibility.

The District Court twice sentenced Carney under the mandatory Sentencing Guidelines framework in effect prior to *Booker*. In *Davis*, we established a policy to vacate and remand all sentences, except in limited circumstances, for "defendants sentenced under the previously mandatory regime whose sentences are being challenged on direct appeal." *United States v. Davis*, 407 F.3d 162, 165 (3d Cir. 2005) (en banc). As we reasoned in *Davis*, we cannot determine whether the District Court would have imposed a different sentence under an advisory framework and therefore, the sentencing issues raised here are best determined by the District Court in the first instance. *Id.* at 164–65, 166.

## III.

We will vacate the sentence and remand for resentencing in accordance with *Booker*. *Davis*, 407 F.3d at 165.