# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 8, 2011

Lyle W. Cayce
Clerk

No. 10-31009
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STEPHANIE O. LANGLOIS, also known as Stephanie O'Neil,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CR-30-1

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Stephanie O. Langlois, also known as Stephanie O'Neil (O'Neil), appeals the sentence imposed for forging a government seal in violation of 18 U.S.C. § 506. The district court sentenced O'Neil to six months of imprisonment and three years of supervised release and ordered her to pay $15,000 in restitution.

In the written plea agreement, O'Neil waived the right to appeal her conviction and sentence except that she reserved the right to appeal a sentence imposed in excess of the statutory maximum. Because the Government elects

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-31009

not to enforce the appeal waiver, the waiver is not binding and does not bar the instant appeal. *See United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006).

O'Neil contends that the district court committed reversible plain error by failing to provide her with an opportunity to allocute. O'Neil's claim of error is subject to plain error review because she did not object to the district court's failure to provide her with an opportunity to allocute. *See United States v. Reyna*, 358 F.3d 344, 350 (5th Cir. 2004) (en banc). The invitation to allocute complied with Rule 32(i)(4)(A)(ii). *See United States v. Hernandez*, 291 F.3d 313, 315-16 (5th Cir. 2002). The district court was not obligated to renew the invitation to allocute after it discussed O'Neil's mental health with her mother. *See id.* at 316. We do not address O'Neil's argument that she was denied the right to allocute because the invitation to allocute preceded the victim allocution and was not renewed thereafter because she raises the argument for the first time in her reply brief. *See United States v. Rodriguez*, 602 F.3d 346, 360 (5th Cir. 2010).

O'Neil has failed to demonstrate any error, plain or otherwise. The judgment of the district court is AFFIRMED. The motion to strike the appendix to the reply brief is DENIED as unnecessary.