# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
November 4, 2015

Lyle W. Cayce
Clerk

No. 14-50861
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PABLO ESCARCEGA-MORALES, also known as Paulino Escarcega-Morales,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:14-CR-174-1

Before STEWART, Chief Judge, and DAVIS and GRAVES, Circuit Judges.
PER CURIAM:[*]

Pablo Escarcega-Morales pleaded guilty to illegal reentry following deportation after conviction of an aggravated felony in violation of 8 U.S.C. § 1326(a), (b)(2). He was sentenced to 46 months in prison, which was at the bottom of his advisory guidelines range, and three years of supervised release.

For the first time, Escarcega-Morales argues that the district court failed to provide him with an opportunity to allocute prior to imposing sentence as

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50861

required under Federal Rule of Criminal Procedure 32(i)(4)(A)(ii).  Because Escarcega-Morales did not object to the error at sentencing, our review is for plain error.  *See United States v. Mondragon-Santiago,* 564 F.3d 357, 361 (5th Cir. 2009).

The district court asked Escarcega-Morales, "Mr. Escarcega-Morales, do you have any questions or anything you wish to say?"  Although the question was not posed until after the district court had already announced a sentence, the district court corrected itself, which it was allowed to do, and gave Escarcega-Morales the opportunity to allocute.  Thus, Escarcega-Morales has not shown that the district court committed any error, much less plain error, with respect to Rule 32(i)(4)(A)(ii).  *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Delgado*, 256 F.3d 264, 279 (5th Cir. 2001); *United States v. Hernandez,* 291 F.3d 313, 315-16 (5th Cir. 2002).

The judgment of the district court is AFFIRMED.