# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60144
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 29, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SAMUEL JOHN FRAZIER, also known as Johnny Frazier,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:16-CR-78-1

Before WIENER, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Samuel John Frazier appeals his guilty plea conviction for willful failure to file a tax return and his within-Guidelines sentence of 12 months of imprisonment.  The Government contends that Frazier knowingly and voluntarily waived his right to appeal and that the appeal waiver bars Frazier's appeal.  Because Frazier "did not specifically object to the district court's plea colloquy as it pertains to [Federal Rule of Criminal Procedure]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

11(b)(1)(N)," the court reviews for plain error. *United States v. Oliver*, 630 F.3d 397, 411–12 (5th Cir. 2011). To show plain error, the defendant must show that the error was clear or obvious and affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If the defendant makes such a showing, this court has the discretion to correct the error, "which ought to be exercised only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (quotation marks and citation omitted).

In his plea agreement, Frazier waived the right to appeal his conviction and sentence but reserved the right to raise claims of ineffective assistance of counsel, prosecutorial misconduct, a sentence in excess of the statutory maximum, and a sentence based on an unconstitutional factor. At the rearraignment hearing, the district court did not ask Frazier whether he read and understood the plea agreement, advise him of the appeal waiver, or ask whether he understood the appeal waiver. The issue of whether a waiver bars an appeal is not jurisdictional. *United States v. Story*, 439 F.3d 226, 230–31 (5th Cir. 2006). Therefore, we will pretermit the issue of whether Frazier knowingly and voluntarily waived his right to appeal and will address the merits of Frazier's arguments.

Frazier argues that the district court improperly interrupted and limited his right to allocution. Because Frazier did not raise this argument in the district court, review is limited to plain error. *See United States v. Reyna*, 358 F.3d 344, 350 (5th Cir. 2004) (en banc). The record does not support Frazier's arguments as it does not indicate that the district court limited Frazier's allocution to acceptance of responsibility. Although Frazier's allocution was interrupted by a bench conference, the district court subsequently allowed Frazier to present his allocution without interruption. Therefore, Frazier has not shown that the district court made any error that violated his right to

No. 17-60144

allocution.  *See United States v. Hernandez*, 291 F.3d 313, 315–16 (5th Cir. 2002).

Frazier has also failed to show that he was improperly subjected to cross-examination by the Government during his allocution.  The record shows that Frazier was not subjected to cross-examination during allocution.

Finally, Frazier argues that his sentence is procedurally and substantively unreasonable because this is his first offense and the offense is a misdemeanor.  Contrary to Frazier's argument, the district court did not act beyond its authority when it imposed the within-Guidelines sentence.  This court has previously rejected the argument that a prior version of U.S.S.G. § 5B1.1 was inconsistent with 28 U.S.C. § 994(j).  *United States v. White*, 869 F.2d 822, 827 (5th Cir. 1989).  Further, the Sentencing Commission did not adopt the proposed amendments discussed by Frazier, and he has not shown that the district court erred in failing to consider them.  He has also failed to show that his sentence is substantively unreasonable.  After considering the Presentence Report, the 18 U.S.C. § 3553(a) factors, the parties' arguments, and Frazier's allocution, the district court concluded that a sentence within the advisory Guidelines range was appropriate.  Frazier's arguments are not sufficient to rebut the presumption of reasonableness that attaches to his within-Guidelines sentence.  *See United States v. Tuma*, 738 F.3d 681, 695 (5th Cir. 2013).

AFFIRMED.